IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2013 Term

_____

No. 11-1288

_____

**FILED**

March 8, 2013
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

VANDERBILT MORTGAGE AND FINANCE, INC.,
Petitioner

v.

TERRI L. COLE,
Respondent

_____

Appeal from the Circuit Court of Harrison County
The Honorable Thomas A. Bedell, Judge
Civil Action No. 10-C-574-2

AFFIRMED

_____

AND

_____

No. 11-1604

_____

VANDERBILT MORTGAGE AND FINANCE, INC.,
Petitioner

v.

TERRI L. COLE,
Respondent

_____

Appeal from the Circuit Court of Harrison County
The Honorable Thomas A. Bedell, Judge
Civil Action No. 10-C-574-2

AFFIRMED

_____

Submitted: January 16, 2013
Filed: March 8, 2013

Marc E. Williams, Esq.
Nelson Mullins Riley Scarborough LLP
Huntington, West Virginia
Matthew D. Patterson, Esq.
Jeremy C. Hodges, Esq.
Columbia, South Carolina
Counsel for the Petitioner

Sara Bird, Esq.
Mountain State Justice, Inc.
Clarksburg, West Virginia
Counsel for the Respondent

CHIEF JUSTICE BENJAMIN delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1.      Because the amount of an award of civil penalties pursuant to W. Va. Code § 46A-5-101(1) (1996) is within the discretion of the circuit court, we review an award of civil penalties under this section for abuse of discretion.

2.      Under W. Va. Code § 46A-5-101(1) (1996), an award of civil penalties is not conditioned on an award of actual damages.

3.      The maximum award of a civil penalty allowable under W. Va. Code § 46A-5-101(1) (1996), adjusted for inflation pursuant to W. Va. Code § 46A-5-106 (1994), does not violate the due process and excessive fines clauses of the West Virginia Constitution and United States Constitution absent an abuse of discretion by the circuit court awarding the civil penalty.

Benjamin, Chief Justice:

The petitioner, Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt"), appeals both the August 15, 2011, Order Awarding Civil Penalties ("civil penalties order") (Case Number 11-1288) and the October 18, 2011, Final Order Awarding Attorney Fees and Costs ("attorney fees order") (Case Number 11-1604) of the Circuit Court of Harrison County. Vanderbilt argues that the circuit court erred by granting civil penalties[1] and attorney fees to the respondent, Terri L. Cole. Ms. Cole contends that the circuit court's award of civil penalties and attorney fees is congruent with the laws of this state and that the circuit court did not abuse its discretion in awarding either.

Because the factual history and procedural history giving rise to the two cases *sub judice* are the same, the cases have been consolidated for this Court's consideration and resolution. After thoroughly reviewing the record presented, the briefs, the relevant legal authorities, and the arguments of Vanderbilt and Ms. Cole, we find that the circuit court did not commit error below with regard to either the August 15, 2011, civil penalties order or the October 18, 2011, attorney fees order. We therefore affirm both orders.

**I.**

---

[1] Within this opinion, "civil penalty" is used to describe a penalty imposed by statute as discussed in Part III.A. Other courts have described civil penalties as "statutory penalties."

1

## FACTUAL AND PROCEDURAL BACKGROUND

In October of 1996, Ms. Cole and her husband[2] financed the purchase of a manufactured home in Harrison County, West Virginia, through Ford Consumer Finance Company. In total, Ms. Cole and her husband borrowed $46,670.22, which was to be paid back over thirty years with interest accruing annually at 9.25%. The loan was secured by a deed of trust on the home and the underlying property. In April of 2005, Vanderbilt became the servicer of the loan.

Ms. Cole admits that over the life of the loan, she had difficulties making her monthly payments. Furthermore, after Vanderbilt began servicing her loan, she did not make one payment on time. In an effort to facilitate payment, Vanderbilt and Ms. Cole negotiated three separate loan modifications in 2005, 2007, and 2009.

During the time Vanderbilt serviced Ms. Cole's loan, Vanderbilt had difficulties contacting Ms. Cole directly. Ms. Cole did not have a landline phone in her home for the majority of time Vanderbilt serviced the loan; however, she did maintain a consecutive string of cellular phone numbers. The record does not reflect that Ms. Cole attempted to avoid Vanderbilt. On the contrary, she provided her mother's phone number

---

[2] Ms. Cole separated from her husband, James A. Cole, prior to the commencement of the unlawful detainer action and counterclaims giving rise to this appeal. Although Mr. Cole's name appears in both the civil penalties order and the attorney fees order, he was not a party in the underlying unlawful detainer action nor Ms. Cole's counterclaims, and he is not a party in this appeal.

2

to Vanderbilt, and Ms. Cole made calls to Vanderbilt from landline phones owned by clients[3] and relatives. In its attempts to reach Ms. Cole, Vanderbilt called the phone numbers previously provided to it by Ms. Cole and those phone numbers from which Ms. Cole had called Vanderbilt, such as the phone numbers of her clients.

Ms. Cole defaulted on her loan in 2010. Vanderbilt foreclosed and purchased the home and real property at a trustee's sale. Thereafter, Ms. Cole refused to vacate the home. On November 23, 2010, Vanderbilt filed an unlawful detainer action in magistrate court against Ms. Cole. The action was removed to the circuit court, and Ms. Cole counterclaimed alleging that Vanderbilt had violated the West Virginia Consumer Credit and Protection Act ("WVCCPA"), W. Va. Code §46A-1-101 to -8-102. Ms. Cole claimed that Vanderbilt had violated the WVCCPA fifty-seven times by engaging in activity such as repeatedly calling relatives and clients after receiving requests that the calls cease, insulting Ms. Cole over the telephone, and revealing private details of the loan to third parties without Ms. Cole's permission.

Trial began in the case on June 27, 2011. At the close of the evidence, the circuit court determined that Vanderbilt's claim for unlawful detainer was a matter of law to be decided by the court and removed that issue from the court's instructions and charge to the jury and from the verdict form. Regarding the claim for unlawful detainer,

---

[3] Ms. Cole is a certified nursing assistant. As part of her job, Ms. Cole worked in the homes of terminally ill individuals.

3

the circuit court found in favor of Vanderbilt and ordered that Ms. Cole vacate the property within thirty days. The remaining issues—those raised in Ms. Cole's counterclaim—were submitted to the jury. The jury returned a unanimous verdict as follows:

> Question 1: On the claim of unlawful debt collection for oppressive and abusive activity (use of language intended to unreasonably abuse the hearer), the jury finds:
>
> _X_ for the defendant, Terri L. Cole and determines that there were _1_ violations and awards the defendant, Terri L. Cole, actual damages of $ _0_ .
>
> Question 2: On the claim of unlawful debt collection for oppressive and abusive activity (placement of repeated, unsolicited calls to third parties despite requests to cease), the jury finds:
>
> _X_ for the defendant, Terri L. Cole and determines that there were _10_ violations and awards the defendant, Terri L. Cole, actual damages of $ _0_ .
>
> Question 3: On the claim of unlawful debt collection for failure to provide a statement of account upon written request, the jury finds:
>
> _X_ for the defendant, Terri L. Cole and awards the defendant, Terri L. Cole, actual damages of $ _0_ .
>
> Question 4: On the claim of unlawful debt collection for unreasonable publication of indebtedness to a third party, the jury finds:
>
> _X_ for the defendant, Terri L. Cole and determines that there were _1_ violations and awards the defendant, Terri L. Cole, actual damages of $ _0_ .

The circuit court entered the trial order containing the jury's verdict on July 19, 2011.

4

On August 15, 2011, the circuit court entered an order awarding civil penalties to Ms. Cole pursuant to W. Va. Code § 46A-5-101(1).[4] The civil penalties order fixed the award as follows:

> a. One civil penalty at $4,583.45 for failure to provide a statement of account upon written request. After considering the reprehensibility of [Vanderbilt's] refusal to provide account records, this Court wants to make it abundantly clear to [Vanderbilt] that every debtor has a right to access records pertaining to his or her account. In denying [Ms. Cole's] account records upon request, [Vanderbilt] acted with complete disregard for [Ms. Cole's] statutory rights. . . . Therefore, this Court attaches the maximum penalty permitted by law for this violation.

> b. Ten civil penalties at $2,250.00 for each penalty, totaling $22,500, regarding the placement of repeated and unsolicited calls to Ms. Cole's mother and third parties despite specific requests to cease. . . . [T]his Court awards [Ms. Cole] a mid-range penalty for each violation.

> c. One civil penalty at $458.34 for the use of language intended to unreasonably abuse the hearer. . . .

> d. One civil penalty at $4,583.45 for unreasonable publication of indebtedness to a third party. . . . [T]his Court finds that a stronger fine should be accorded to this violation.

The award of civil penalties totaled $32,125.24. Vanderbilt appealed the award of civil penalties to this Court on September 13, 2011.

---

[4] W. Va. Code § 46A-5-101(1) is described and discussed *infra* in Part III.A.

5

In response to Ms. Cole's motion for an award of attorney fees and costs, the circuit court, after entertaining briefing on the matter by both Vanderbilt and Ms. Cole, filed an order on October 18, 2011, granting Ms. Cole's motion for attorney fees and costs.[5] The court awarded $30,000 of the $48,852.00 requested in attorney fees to Ms. Cole pursuant to W. Va. Code § 46A-5-104,[6] reasoning that, upon analyzing the facts pursuant to case law, Ms. Cole deserved attorney fees, but that the award should be limited "due to the mixed degree of success that was achieved." Vanderbilt appealed the award of attorney fees order to this Court on November 15, 2011.

## II.

## STANDARD OF REVIEW

On appeal, this Court is asked to evaluate whether the circuit court erred by awarding civil penalties to Ms. Cole. The WVCCPA allows a party to recover civil penalties "in an amount determined by the court not less than one hundred dollars nor more than one thousand dollars." W. Va. Code § 46A-5-101(1). Thus, we hold that because the amount of an award of civil penalties pursuant to W. Va. Code § 46A-5-101(1) (1996) is within the discretion of the circuit court, we review an award of civil penalties under this section for abuse of discretion.

---

[5] Although the attorney fees order is styled as awarding attorney fees and costs, the order awards only attorney fees.

[6] W. Va. Code § 46A-5-104 is described and discussed *infra* in Part III.C.

This Court is also asked to determine whether the circuit court committed error by awarding attorney fees to Ms. Cole. The award of attorney fees is also reviewed by this Court for an abuse of discretion. We have said,

> Our review of the issue of a trial court's award of attorney's fees is to determine whether the lower court committed error in making the award. In *Bond v. Bond,* 144 W.Va. 478, 109 S.E.2d 16(1959), we explained: "[T]he trial [court] . . . is vested with a wide discretion in determining the amount of . . . court costs and counsel fees; and the trial [court's] . . . determination of such matters will not be disturbed upon appeal to this Court unless it clearly appears that [it] has abused [its] discretion." *Id.* at 478–79, 109 S.E.2d at 17, syl. pt. 3, in part.

*Heldreth v. Rahimian*, 219 W. Va. 462, 466, 637 S.E.2d 359, 363 (2006); *see also Chevy Chase Bank v. McCamant*, 204 W. Va. 295, 303, 512 S.E.2d 217, 225 (1998) ("In reviewing the ruling of the circuit court with respect to costs and attorney fees, 'the standard is whether such ruling by the trial court constitutes an abuse of discretion.'" (quoting *Hopkins v. Yarbrough*, 168 W. Va. 480, 489, 284 S.E.2d 907, 912 (1981))).

## III.

## ANALYSIS

Vanderbilt raises six separate assignments of error dealing with three overarching categories: civil penalties, interpretation of W. Va. Code § 46-2-125, and attorney fees. We proceed by separately addressing each of these three categories.

7

## A. Civil Penalties

In this appeal, Vanderbilt challenges the circuit court's authority to award civil penalties in the absence of an award of actual damages. Vanderbilt argues that an award of civil penalties must be reasonably related to the actual harm suffered, and because Ms. Cole was found to have suffered no actual harm, the award of civil damages was improper. Vanderbilt also alleges that because it believes civil penalties should not have been awarded, the circuit court erred by increasing the penalties to reflect inflation. Finally, Vanderbilt suggests that the plain language of the controlling statute, W. Va. Code § 46A-5-101(1), requires that actual damages be awarded as a prerequisite to awarding civil penalties.

West Virginia Code § 46A-5-101(1) states, in pertinent part,

> If a creditor has violated the provisions of this chapter applying to . . . statements of account and evidences of payment [or] . . . any prohibited debt collection practice . . . , the consumer has a cause of action to recover actual damages *and in addition* a right in an action to recover from the person violating this chapter a penalty in an amount determined by the court not less than one hundred dollars nor more than one thousand dollars.

(Emphasis added).

We begin by addressing Vanderbilt's interpretation of the "and in addition" language of the statute, which Vanderbilt argues conditions the award of civil penalties

8

on an award of actual damages. Regarding the interpretation of statutes, the Court has consistently held, "'"A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syl. Pt. 2, *State v. Epperly*, 135 W.Va. 877, 65 S.E.2d 488 (1951).' Syl. Pt. 1, *State v. Jarvis*, 199 W.Va. 635, 487 S.E.2d 293 (1997)." Syl. pt. 2, *Mace v. Mylan Pharm., Inc.*, 227 W. Va. 666, 714 S.E.2d 223 (2011). "A statute is open to construction only where the language used requires interpretation because of ambiguity which renders it susceptible of two or more constructions or of such doubtful or obscure meaning that reasonable minds might be uncertain or disagree as to its meaning." *Hereford v. Meek*, 132 W. Va. 373, 386, 52 S.E.2d 740, 747 (1949). We agree with Vanderbilt that the statute is susceptible to different interpretations.

Upon examination of the plain language of the statute, it does not contain any explicit conditional language, indicating that the Legislature did not intend to condition the award of civil penalties on the award of actual damages. Furthermore, the conjunction "and" separates the specifically delineated rights to pursue damages; there is a right to bring a "cause of action to recover actual damages" and "a right in action to recover . . . a penalty." Separating the different grounds that give rise to a cause of action also indicates the Legislature's intent that an award of civil penalties is not conditioned on an award of actual damages. The Court has previously rephrased the wording of the statute, but without adding clarity to this specific issue: "Under W.Va.Code, 46A-5-101 [1974], the additional damages for fraud or unconscionable conduct are limited to actual

9

damages and, if the court so determines, a penalty of not less than one hundred nor more than one thousand dollars." Syl. pt. 4, in part, *One Valley Bank of Oak Hill, Inc. v. Bolen*, 188 W. Va. 687, 425 S.E.2d 829 (1992).

Examination of the statutory language and syllabus point 4 of *Bolen*, while highly persuasive, is not dispositive. When there is uncertainty as to the meaning of a statute, the statute must be evaluated to give effect to the intent of the Legislature. Syl. pt. 4, *Mace*, 227 W. Va. 666, 714 S.E.2d 223 ("'"The primary object in construing a statute is to ascertain and give effect to the intent of the Legislature." Syllabus point 1, *Smith v. State Workmen's Compensation Commissioner,* 159 W.Va. 108, 219 S.E.2d 361 (1975).' Syl Pt. 3, *Davis Mem'l Hosp. v. W. Va. State Tax Comm'r*, 222 W.Va. 677, 671 S.E.2d 682 (2008)."). "'"In ascertaining legislative intent, effect must be given to each part of the statute and to the statute as a whole so as to accomplish the general purpose of the legislation." Syl. Pt. 2, *Smith v. State Workmen's Compensation Commissioner,* 159 W.Va. 108, 219 S.E.2d 361 (1975).' Syl. Pt. 2, *White v. Wyeth,* 227 W.Va. 131, 705 S.E.2d 828 (2010)." Syl. pt. 5, *Mace*, 227 W. Va. 666, 714 S.E.2d 223.

The Court has enunciated the purpose of the WVCCPA: "The purpose of the [WVCCPA] is to protect consumers from unfair, illegal, and deceptive acts or practices by providing an avenue of relief for consumers who would otherwise have difficulty proving their case under a more traditional cause of action." *Dunlap v. Friedman's, Inc.*, 213 W. Va. 394, 399, 582 S.E.2d 841, 846 (2003) (quoting *State ex rel.*

10

*McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 777, 461 S.E.2d 516, 523 (1995)). Furthermore, we have said that the WVCCPA "represents a comprehensive attempt on the part of the Legislature to extend protection to the consumers and persons who obtain credit in this State." *Harless v. First Nat'l Bank in Fairmont*, 162 W. Va. 116, 125, 246 S.E.2d 270, 275–76 (1978). Finally, we have explained that the WVCCPA should be construed liberally in favor of the consumer. *Dunlap*, 213 W. Va. at 399, 582 S.E.2d at 846.

The Fair Debt Collection Practices Act ("FDCPA") is the federal equivalent to the WVCCPA, and like the WVCCPA, it also allows consumers to seek actual damages and civil penalties from creditors. It states,

> (a) Amount of damages
> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—
> (1) any actual damage sustained by such person as a result of such failure;
> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000 . . . .

15 U.S.C. § 1692k (2010). The Ninth Circuit Court of Appeals has interpreted this statute as allowing consumers to receive awards of civil penalties without also awarding actual damages. In *Baker v. G. C. Servs. Corp.*, 677 F.2d 775, 780 (9th Cir. 1982), the Ninth Circuit reasoned,

11

Policy also supports the award of statutory damages without proof of actual damages. The only actual damages that a plaintiff would be likely to incur would be for emotional distress caused by abusive debt collection practices and, unless the violations are extreme and outrageous, traditional stringent evidentiary hurdles would be difficult to overcome.

Following the reasoning set forth in *Dunlap*, *Harless*, and *Baker*, this Court believes that the Legislature, in creating W. Va. Code § 46A-5-101(1), has created a mechanism by which those who have suffered no quantifiable harm may yet recover civil penalties for being subject to undesirable treatment described in Article 2 of the Act. We find that by including the option for consumers to pursue civil penalties, the Legislature intended that § 46A-5-101(1) function, in part, as a disincentive for creditors to engage in certain undesirable behaviors that might not result in actual damages. Therefore, based on the language of the WVCCPA and what we perceive to be the Legislature's intent in enacting the WVCCPA, we hold that under W. Va. Code § 46A-5-101(1) (1996), an award of civil penalties is not conditioned on an award of actual damages.

We are by no means the first jurisdiction to allow an award of civil penalties in the absence of an award of actual damages. A number of courts, including the United States Supreme Court, have awarded civil penalties without awarding actual damages. *See, e.g.*, *F. W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (1952) ("Even for uninjurious and unprofitable invasions of copyright the court may, if it deems just, impose a liability within statutory limits to sanction and vindicate the statutory policy."); *St. Louis, Iron Mountain & S. Ry. Co. v. Williams*, 251 U.S. 63, 66

12

(1919) ("Nor does giving the penalty to the aggrieved passenger require that it be confined or proportioned to his loss or damages . . . as it is imposed as a punishment for the violation of a public law . . . ."); *Baker v. G. C. Servs. Corp.*, 677 F.2d 775, 781 (9th Cir. 1982) (concluding that under the FDCPA, "statutory damages are available without proof of actual damages"); *Knoll v. Allied Interstate, Inc.*, 502 F. Supp. 2d 943 (D. Minn. 2007) (finding that the FDCPA is a remedial, strict liability statute, and thus, the debtor was not required to prove deception or actual damages to recover); *McCammon v. Bibler, Newman & Reynolds, P.A.*, 493 F. Supp. 2d 1166 (D. Kan. 2007) (finding that actual damages are not required for standing under FDCPA because the FDCPA permits recovery of statutory damages in absence of actual damages); *In re Hobbs*, No. 10-42736 (Bkrtcy. E.D. Tex. filed 2012) ("[I]n light of the statutory damage provision, the Plaintiff need not show actual damages in order to recover under [the Code]."); *DirectTV, Inc. v. Cantu*, No. SA-04-CV-136-RF, 2004 WL 2623932, at \*4 (W.D. Tex. Sept. 29, 2004) ("The law has held for many years that statutes may provide for damages even where a plaintiff cannot prove actual damages.").

Citing *Fleming Landfill, Inc. v. Garnes*, 186 W. Va. 656, 413 S.E.2d 897 (1991), Vanderbilt argues that the award of civil penalties in the absence of an award of any actual damages is impermissible because due process[7] requires that the award of civil penalties be reasonably related to the actual harm suffered. Specifically, *Garnes* holds,

---

[7] U.S. Const. amend. XIV, §1; W. Va. Const. art. III, § 10.

13

Syllabus Point 3 of *Wells v. Smith,* 171 W.Va. 97, 297 S.E.2d 872 (1982), allowing a jury to return punitive damages without finding compensatory damages is overruled. Punitive damages must bear a reasonable relationship to the potential of harm caused by the defendant's actions.

Syl. pt. 1, *Garnes*, 186 W. Va. 656, 413 S.E.2d 897. We agree with Vanderbilt that the requirements of due process apply to an award of civil penalties; however, we do not find that the "reasonable relationship" analysis in *Garnes*, which requires that awards of *punitive* damages be conditioned on an award of actual damages, applies to awards of *civil penalties*.

Although our Court has never expressly stated that civil penalties are not punitive damages, such is apparent in our case law. *See, e.g.*, *Peters v. Rivers Edge Mining, Inc.*, 224 W. Va. 160, 680 S.E.2d 791 (2009) (finding a punitive damages award appropriate to punish the petitioner in light of the lack of criminal or civil penalties). While punitive damages are related to and conditioned on actual harm suffered, a civil penalty is conditioned only on a violation of a statute. Similarly, while the question of the amount of punitive damages to award may be submitted to a jury, the amount of a civil penalties award is within the sole province of the trial judge. Civil penalties are their own separate class of damages, taking on both compensatory and punitive characteristics. *See, e.g.*, *DirectTV, Inc.*, No. SA-04-CV-136-RF, 2004 WL 2623932, at *4 ("Statutory damages serve the purpose of deterring the public harm associated with the activity proscribed, rather than seeking to compensate each private injury caused by a

14

violation."); *In re Hobbs*, No. 10-42736 ("The statutory damages available . . . are of a generally compensatory nature, even if not designed to compensate for any particular, actual harm . . . .").[8]

Although civil penalties and punitive damages are not one and the same, and although the award of punitive damages requires an award of actual damages while the award of civil penalties does not, both are limited by the requirements of due process. In creating the "reasonable relationship" limit on an award of punitive damages, the Court has explained that "[d]ue process demands not only that penalties be *abstractly fair*, but also that a person not be penalized without *reasonable warning* of the consequences of his acts." *Garnes*, 186 W. Va. at 668, 413 S.E.2d at 909 (emphasis added)[9]; *see also Vanderbilt Mortgage & Finance, Inc. v. Flores*, 692 F.3d 358 (2012) ("The cited cases [*BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003)] are inapplicable, because they concern discretionary jury awards of punitive damages rather than a fixed statutory-damage provision. This discretion, the arbitrariness that might accompany it, and principles of fair notice are what led the Court to invalidate the [punitive damages] award under the Due Process Clause. . . . No such discretion or problem with notice is

---

[8] Although the circuit court incorrectly equated civil penalties with punitive damages, this error did not affect its analysis with regard to the reasonableness of its awards.

[9] In *Garnes*, the Court used the word "penalties" to refer to punitive damages, not civil penalties within the meaning of this opinion.

15

applicable here . . . ."); *DirectTV, Inc.*, No. SA-04-CV-136-RF, 2004 WL 2623932, at \*4 ("[T]he *Gore* Court's main focus was that the person subject to the punitive damages must have fair notice of the possible severity of the award. The *Gore* Court determined that an actual damages award of $4,000 could not possibly have given the defendant notice that a $2 million punitive award was possible."). We find that the same logic applies to civil penalties under the WVCCPA; if a civil penalty is so large that it does not give reasonable warning to the creditor, that penalty will violate due process.

Civil penalties are rarely found to be excessive. This is because statutes awarding penalties dictate the minimum and maximum amounts that may be awarded. West Virginia Code § 46A-5-101(1) states that a civil penalty must be "not less than one hundred dollars nor more than one thousand dollars." This language provides creditors with reasonable warning that should they violate the provisions described in § 46A-5-101(1), they may be subject to a civil penalty.

Creditors are also placed on notice that any civil penalty enforced against them may be adjusted for inflation pursuant to W. Va. Code § 46A-5-106 (1994), which states,

> In any claim brought under this chapter applying to illegal, fraudulent or unconscionable conduct or any prohibited debt collection practice, the court may adjust the damages awarded pursuant to section one hundred one [§ 46A-5-101] of this article to account for inflation from the time that the West Virginia Consumer Credit and Protection Act became operative, specifically 12:01 a.m. on the first day

16

of September, one thousand nine hundred seventy-four, to the time of the award of damages in an amount equal to the consumer price index. Consumer price index means the last consumer price index for all consumers published by the United States Department of Labor.

This statute clearly explains how and when inflation will be calculated and added to a total penalty.

In addition to requiring that creditors be placed on notice that they may be subject to civil penalties under the WVCCPA, due process requires that the civil penalties be abstractly fair. Due process "prohibits 'grossly excessive or arbitrary punishments.' [*Campbell*, 538 U.S. at 416]." *Perrine v. E.I. du Pont de Nemours & Co.*, 225 W. Va. 482, 547, 694 S.E.2d 815, 880 (2010) (quoting *State ex rel. Chemtall v. Madden*, 221 W. Va. 415, 425, 655 S.E.2d 161, 171 (2007)). Whether a civil penalty is fair also implicates the excessive fines clauses of the West Virginia Constitution and the United States Constitution, both of which prohibit the imposition of excessive fines. The West Virginia Constitution demands, "[E]xcessive fines [shall not be] imposed . . . . Penalties shall be proportioned to the character and degree of the offence." W. Va. Const. art III, § 5 (in part).[10]

---

[10] The Excessive Fines Clause in the U.S. constitution states, "[E]xcessive fines [shall not be] imposed . . . ." U.S. Const. amend. VIII. The Excessive Fines Clause of the U.S. Constitution is applicable to the states through the Fourteenth Amendment. *See Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424, 433–434, 121 S. Ct. 1678 (2001).

Our Court has never before addressed whether the maximum civil penalty award under the WVCCPA, $1000, is excessive such that it violates the due process or the prohibition on excessive fines; however, the FDCPA contains the same maximum limit on a civil penalty, and awards of the maximum civil penalty under the FDCPA have continuously been upheld. *See, e.g.*, *Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993); *Crossley v. Lieberman*, 868 F.2d 566 (3rd Cir. 1989); *Versteeg v. Bennett, DeLoney & Noyes, P.C.*, 839 F. Supp. 2d 1238 (D. Wyo. 2011). We find no reason to treat the WVCCPA any differently, especially given that the exact award of a civil penalty under § 46A-5-101(1) is subject to the discretion of the circuit court. Therefore, we hold that the maximum award of a civil penalty allowable under W. Va. Code § 46A-5-101(1) (1996), adjusted for inflation pursuant to W. Va. Code § 46A-5-106 (1994), does not violate the due process and excessive fines clauses of the West Virginia Constitution and United States Constitution absent an abuse of discretion by the circuit court awarding the civil penalty.

The basis of Vanderbilt's argument that the circuit court erred by awarding civil penalties was solely in Vanderbilt's objection to the award of civil penalties in the absence of any actual damages. Vanderbilt does not argue that the circuit court abused its discretion by awarding civil penalties in any other way. Because we have found that an award of civil penalties under W. Va. Code § 46A-5-101(1), adjusted for inflation pursuant to § 46A-5-106, is not preconditioned on an award of actual damages, and because we find no constitutional limitations on the awardable amount of civil penalties

18

within the limits of § 46A-5-101(1), we find that the circuit court did not abuse its discretion in awarding civil penalties to Ms. Cole.

## B. Interpretation of W. Va. Code § 46A-2-125

Vanderbilt argues two assignments of error related to the interpretation of W. Va. Code § 46A-2-125. That section reads, in pertinent part,

> No debt collector shall unreasonably oppress or abuse any person in connection with the collection of or attempt to collect any claim alleged to be due and owing by that person or another. Without limiting the general application of the foregoing, the following conduct is deemed to violate this section:
> . . . .
> (d) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously, or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number.

First, Vanderbilt claims that Ms. Cole did not have standing to recover civil penalties for the violations of § 46A-2-125(d) because Vanderbilt's calls were to third parties. Second, Vanderbilt contends that Ms. Cole could, at most, be awarded one penalty because only repeated or continuous calling gives rise to a violation of the statute, not individual calls.

Both of Vanderbilt's arguments with regard to § 46A-2-125 challenge the legitimacy of the jury's findings as they appear in the July 19, 2011, Trial Order.

19

Vanderbilt did not appeal the trial order. This Court is limited to examining only what is being appealed: the civil penalties order and the attorney fees order. W. Va. Const. art. VIII, § 4 ("[An] appeal shall be allowed by the supreme court of appeals . . . only upon a petition assigning error in the judgment or proceedings of a court and then only after the court, or a justice thereof, shall have examined and considered the record and is satisfied that there probably is error in the record, or that it presents a point proper for the consideration of the court."); *State v. Legg*, 151 W. Va. 401, 406, 151 S.E.2d 215, 219 (1966) ("The appellate court does not acquire jurisdiction and cannot entertain an appeal unless the appeal petition is filed within the prescribed appeal period."). Because Vanderbilt did not appeal the trial order, this Court must abide by the findings in that order in this proceeding. Accordingly, we do not find that the circuit court erred in its award of civil penalties based on the jury's findings.

### C. Attorney Fees

Vanderbilt's final two assignments of error involve the circuit court's award of attorney fees to Ms. Cole. The authority for awarding attorney fees pursuant to the WVCCPA is found in W. Va. Code § 46A-5-104 (1994): "In any claim brought under this chapter applying to illegal, fraudulent or unconscionable conduct or any prohibited debt collection practice, the court *may* award all or a portion of the costs of litigation, including reasonable attorney fees, court costs and fees, to the consumer." (In part, with emphasis added). This Court has found that an award of attorney fees under this section is purely discretionary. *Chevy Chase Bank v. McCamant*, 204 W. Va. 295,

305, 512 S.E.2d 217, 227 (1998); *see also Bostic v. Am. Gen. Fin., Inc.*, 87 F. Supp. 2d 611, 614 (S.D. W. Va. 2000).

In the proceedings below, the circuit court awarded Ms. Cole $30,000 of the $48,852 in attorney fees she requested. In reaching its final amount, the court analyzed each of the twelve factors for reasonableness described in syllabus point 4 of *Aetna Casualty & Surety Co. v. Pitrolo*, 176 W. Va. 190, 342 S.E.2d 156 (1986):

> Where attorney's fees are sought against a third party, the test of what should be considered a reasonable fee is determined not solely by the fee arrangement between the attorney and his client. The reasonableness of attorney's fees is generally based on broader factors such as: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

The court concluded that its analysis of the *Aetna* factors supported a limited award of attorney fees because of the "mixed degree of success" Ms. Cole achieved.

Vanderbilt argues that the circuit court abused its discretion by awarding any attorney fees because, according to Vanderbilt, Ms. Cole did not succeed on her claims to an extent warranting the award. Vanderbilt cites to federal case law—*Hensley*

*v. Eckerhart*, 461 U.S. 424 (1983), and *Brodziak v. Runyon*, 145 F.3d 194 (4th Cir. 1998)—which states that the most important factor in calculating whether an attorney fees award is reasonable is the degree of success obtained and that an attorney fees award is only appropriate when the party has "prevailed." We do not find Vanderbilt's reliance on these cases persuasive. Both cases involve an award of attorney fees pursuant to the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 2000e-5(k) (2009), not the WVCCPA or even the FDCPA. Furthermore, we find our own state's on-point law more compelling.

In *McCamant*, this Court evaluated whether a circuit court's refusal to award attorney fees constituted an abuse of discretion. There, we recognized that, "'[a]s a general rule, each litigant bears his or her own attorney fees absent express statutory, regulatory, or contractual authority for reimbursement.'" *McCamant*, 204 W. Va. at 305, 512 S.E.2d at 227 (quoting *Daily Gazette Co., Inc. v. Canady*, 175 W. Va. 249, 250, 332 S.E.2d 262, 263 (1985)). However, the Court continued, "Therefore, absent the express language of W.Va.Code § 46A-5-104, successful litigants under the WVCCPA would receive no attorney fees. This code section simply authorizes courts to award attorney fees in certain prescribed instances where they would otherwise award none." *Id.* The *McCamant* Court did not find error in the circuit court's refusal to award attorney fees because "[a]lthough the circuit court found that one of these attempts to contact the appellant constituted a violation of the WVCCPA, it can hardly be described as egregious conduct." *Id.*

22

As described in *McCamant*, the purpose of § 46A-5-104 is to allow courts to award attorney fees for violations of the WVCCPA. The facts of *McCamant* can be distinguished from the present case. Where there was only one violation of the WVCCPA in *McCamant*—specifically, the creditor called the consumer's neighbor and falsely stated that there was a banking emergency—the jury in the case at bar found thirteen violations. Of those thirteen violations, all but one were found by the circuit court to be of such reprehensibility as to warrant an award greater than the minimum civil penalty requirement. Two of the thirteen violations received the maximum penalty. The circuit court, disturbed by Vanderbilt's conduct, stated, "The attitude of [Vanderbilt] towards [Ms. Cole] and towards this Court during the debt collection process and even the trial process is one of unabashed arrogance."

Ms. Cole prevailed on only thirteen of her fifty-seven claims; however, she prevailed, in part, on all four sections of the WVCCPA that she claimed Vanderbilt violated. Neither the WVCCPA nor our case law requires that Ms. Cole prevail on the majority of her claims in order to receive attorney fees. The controlling law places the decision of whether to award attorney fees squarely within the discretion of the circuit court. Therefore, we find that the circuit court did not abuse its discretion by awarding attorney fees despite victory on less than half of Ms. Cole's claims.

23

The award of attorney fees is also subject to the reasonableness requirements of due process.[11] This Court set forth in *Aetna* twelve factors a court should consider in calculating the reasonableness of an award of attorney fees, described *supra*. Vanderbilt also challenges the circuit court's award of attorney fees on the ground that the circuit court erred by considering Ms. Cole's attorneys' livelihood or survivability, which Vanderbilt argues are not *Aetna* factors.

In its attorney fees order, the circuit court noted that "Mountain State Justice is a unique organization, and it survives based upon fees collected in these 'undesirable' cases such as Ms. Cole's." The court further explained, "This case is undesirable. Typically, defending low-income clients in Unlawful Detainers is not a profitable venture for attorneys. It is not feasible for private attorneys to take on these sorts of cases, cases that usually have limited, if any, recovery."

We agree with Ms. Cole's argument that the circuit court's discussion of livelihood and survivability were interconnected with the tenth *Aetna* factor: undesirability of the case. Because the circuit court carefully addressed each *Aetna* factor in its attorney fees order, and because Vanderbilt does not challenge the court's analysis with regard to any of these factors, we find that the circuit court did not abuse its discretion by awarding attorney fees.

---

[11] *See* due process discussion *supra* Part III.A.

**IV.**

**CONCLUSION**

For the reasons set forth above, in Case Number 11-1288, this Court affirms the circuit court's civil penalties order entered August 15, 2011, awarding $32,125.24 in civil penalties to Ms. Cole pursuant to W. Va. Code § 46A-5-101(1). We also affirm Case Number 11-1604, the circuit court's attorney fees order entered October 18, 2011, awarding $30,000 to Ms. Cole pursuant to W. Va. Code § 46A-5-104.

Case Number 11-1288 — Affirmed.

Case Number 11-1604 — Affirmed.