# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Cash N Go, Inc.,**
**Defendant Below, Petitioner**

**vs)  No. 17-0311** (Berkeley County 13-C-112)

**Shana Spruce,**
**Plaintiff Below, Respondent**

**FILED**

**May 11, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Cash N Go, Inc., by counsel Floyd M. Sayre III, appeals the March 2, 2017, order of the Circuit Court of Berkeley County, that granted summary judgment in favor of respondent. Respondent Shana Spruce, by counsel Garry G. Geffert, filed a response to which petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner Cash N Go, Inc. ("Cash N Go") is a Maryland corporation authorized to do business in West Virginia, with an administrative office in Berkeley County, West Virginia. On November 14, 2011, Respondent Shana Spruce ("Respondent"), a resident of Martinsburg, cashed a personal check in the amount of $605.00 at Cash N Go in Hagerstown Maryland. Cash N Go charged a check cashing fee of $55.00, and respondent received $550.00. Cash N Go deposited the check on November 28, 2011. On December 5, 2011, the check was returned for insufficient funds, and Cash N Go charged respondent an additional $35.00. On that same date, Cash N Go sent a letter to respondent notifying her of the returned check and demanding payment within ten days.

Respondent filed a Chapter 7 petition for bankruptcy on February 27, 2012. On or about March 6, 2012, Cash N Go received a notice from the United States Bankruptcy Court for the Northern District of West Virginia, stating that respondent had filed a Chapter 7 petition for bankruptcy. Cash N Go attempted to contact respondent on two occasions on March 6, 2012, and again on March 7, 2012, in order to collect the debt.

On March 9, 2012, in response to the bankruptcy notice, Cash N Go sent a letter to respondent informing her that pursuant to Md. Code Ann. Com. Law § 15-802 all collection efforts were stayed. The letter also informed respondent that Cash N Go intended to pursue a

1

criminal complaint against respondent pursuant to the Maryland Criminal Code. Cash N Go contends that they did not send any further communications to respondent after the March 9, 2012, letter, and that all subsequent communications were conducted by One Way Recovery Solutions, LLC, ("One Way") a debt collection agency under contract with Cash N Go to which Cash N Go assigned the debt on March 13, 2012. Neither One Way nor Cash N Go contacted respondent's attorney. On March 15, 2012, respondent contacted One Way to discuss the March 9, 2012, letter, and to set up a payment plan. One Way subsequently contacted respondent at home on five additional occasions in order to collect the debt owed to Cash N Go.

Respondent filed suit against Cash N Go in the Circuit Court of Berkeley County, on February 7, 2013. In June of 2014, respondent amended her complaint to add One Way as an additional defendant. In her amended complaint, respondent pled that after informing Cash N Go of her bankruptcy filing, Cash N Go and One Way never contacted her attorney. Instead, Cash N Go sent respondent a letter on March 9, 2012, threatening criminal prosecution for failure to pay the debt, and One Way continued to contact respondent at home throughout the months of March and April of 2012, in an attempt to recover the debt, in violation of in violation of the West Virginia Consumer Credit and Protection Act, West Virginia Code § 46A-2-128(d) and (e) ("WVCCPA").

Respondent filed a motion for partial summary judgment on her claims alleging violations of West Virginia Code § 46A-2-128(e), which prohibits direct contact by debt collectors with individuals who are represented by counsel, for the March 6 and March 7, 2012, phone calls and the March 9, 2012, letter. The circuit court granted respondent's motion in part by order entered May 17, 2016. In its order the circuit court found that the events at issue were covered by the WVCCPA, and that the debt at issue is a claim, as defined by that act. The circuit court found that Cash N Go received notice of the filing of respondent's bankruptcy prior to March 6, 2012, and found further that the four contacts that Cash N Go made with respondent, on March 6[1], 7, and 9 of 2012, constituted an attempt to collect a debt in violation of West Virginia Code § 46A-2-128(d) and (e), and that Cash N Go never attempted to contact respondent's attorney. The circuit court also found that Cash N Go's March 9, 2012, letter threatened criminal prosecution for respondent's failure to pay the debt, even though Cash N Go was aware of a pending bankruptcy proceeding. The circuit court awarded respondent statutory damages in the amount of $4,805.60 for each violation by Cash N Go for a total of $19,222.40. The circuit court also awarded respondent attorney's fees and costs associated with her claims, pursuant to West Virginia Code § 46A-5-104.

Cash N Go and respondent continued discovery on respondent's remaining claims, and on November 23, 2016, respondent filed an additional motion for summary judgment regarding Cash N Go's liability for the five phone calls made by One Way in March and April of 2012. [2] The circuit court held a hearing on the motion on December 20, 2016. In her motion, respondent argued that she was entitled to judgment in her favor on her remaining claims for violations of

---

[1] Cash N Go called respondent twice on March 6, 2012.

[2] One Way subsequently agreed to a settlement of $4,000, and the matter was dismissed against One Way on September 19, 2016.

the debt collection provisions contained in West Virginia Code § 46A-2-128(d). The circuit court granted respondent's motion by order entered March 2, 2017, finding that Cash N Go instructed One Way to contact respondent, despite Cash N Go's "actual knowledge" that respondent was represented by an attorney. The circuit court found further that Cash N Go threatened respondent with criminal prosecution, and caused One Way to misrepresent the debt to respondent. As a result, the circuit court found that Cash N Go was liable for statutory damages for six additional violations of the West Virginia Code § 46A-2-128(d) and (e). The circuit court granted respondent statutory damages in the amount of $18,000 for the additional six violations, and awarded additional attorney's fees pursuant to West Virginia Code § 46A-5-104. Petitioner Cash N Go now appeals the May 7, 2016, and March 2, 2017, orders of the Circuit Court of Berkeley County that granted summary judgment to respondent.

On appeal Cash N Go complains that the circuit court erred in granting summary judgment, and that the circuit court erred in granting the maximum civil penalty and attorney's fees to respondent. It is well established that a circuit court's entry of summary judgment is reviewed de novo. *See* Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E. 2d 755 (1994). We have also held that

> "'[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963)." Syllabus Point 1, *Andrick v. Town of Buckhannon,* 187 W.Va. 706, 421 S.E.2d 247 (1992).

Syl. Pt. 2, *Painter.* Furthermore, "[t]he circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial." Syl. Pt. 3, *id.* Having reviewed the appropriate standards for our review of the instant case, we will now discuss the particular issues raised.

Cash N Go first complains that the circuit court erred in granting summary judgment in favor of respondent, asserting that because the transaction at issue took place in Maryland, Maryland state law controls this action. Cash N Go argues further that even if the West Virginia Consumer Credit and Protection Act applies in this case, Cash N Go's contact with respondent was not in violation of the WVCCPA, as the underlying debt was not a "claim" as defined by the WVCCPA.

We begin by noting that Cash N Go provides no authority for its assertion that Maryland law applies in this matter. Pursuant to Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, in relevant part, a "brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error." In addition,

> [a]lthough we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal. *State v. Lilly,* 194 W.Va. 595, 605 n. 16, 461 S.E.2d 101, 111 n. 16 (1995) ("casual mention of

an issue in a brief is cursory treatment insufficient to preserve the issue on appeal")

*State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996). As a result, we deem this issue waived by Cash N Go.

Cash N Go continues that should this Court determine that West Virginia law applies, One Way's contact with respondent did not violate the WVCCPA. Cash N Go asserts that the communications were made in connection with a criminal matter arising in Maryland, rather than the collection of a "claim" as defined by the WVCCPA. We find this argument disingenuous. According to the WVCCPA, a claim is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or service which is the subject of the transaction is primarily for personal, family or household purposes, whether or not such obligation has been reduced to judgment." W. Va. Code § 46A-2-122(b). Here, it is clear that Cash N Go was seeking repayment for the claim, and as a result, the WVCCPA applies to Cash N Go's conduct.

Further, as respondent notes, although Cash N Go now claims that the contact was made pursuant to a criminal matter in Maryland, this claim contradicts Cash N Go's answer to the complaint and responses to discovery. Cash N Go admitted that at all times One Way was acting as its agent and within the scope of its mutual agreement; and One Way admitted that the phone calls were made for the purpose of collecting a debt. Accordingly, we find that the circuit court did not err in finding that Cash N Go's debt constituted a claim under the WVCCPA and granting summary judgment to respondent.

Cash N Go also argues that the circuit court's award of the maximum civil penalty and attorney's fees was an abuse of discretion. We disagree. Here, the circuit court found that Cash N Go's violations of the WVCCPA were "deliberate and intentional," because Cash N Go knew, at all times relevant, that respondent was represented by counsel, and that the subject debt was subject to a bankruptcy proceeding. The circuit court also found that in spite of this knowledge, Cash N Go contacted respondent directly and threatened her with criminal prosecution.

Upon a violation of the WVCCPA, a consumer is entitled to recover a penalty of up to $1,000 per violation, and this award may be adjusted for inflation. *See* W. Va. Code § 46A-5-101(1) (2015). As this was the statutorily mandated penalty, we find no abuse of discretion on behalf of the circuit court. We have held that

> [t]he maximum award of a civil penalty allowable under W. Va. Code § 46A–5–101(1) (1996), adjusted for inflation pursuant to W. Va. Code § 46A–5–106 (1994), does not violate the due process and excessive fines clauses of the West Virginia Constitution and United States Constitution absent an abuse of discretion by the circuit court awarding the civil penalty.

Syl. Pt. 3, *Vanderbilt Mortg. & Fin., Inc. v. Cole*, 230 W. Va. 505, 740 S.E.2d 562 (2013).

This Court also finds that the circuit court did not err in granting respondent's attorney's fees. Pursuant to West Virginia Code § 46A-5-104,

4

[i]n any claim brought under this chapter applying to illegal, fraudulent or unconscionable conduct or any prohibited debt collection practice, the court may award all or a portion of the costs of litigation, including reasonable attorney fees, court costs and fees, to the consumer. On a finding by the court that a claim brought under this chapter applying to illegal, fraudulent or unconscionable conduct or any prohibited debt collection practice was brought in bad faith and for the purposes of harassment, the court may award to the defendant reasonable attorney fees.

In addition, this Court has held that,

"[t]he decision to award or not to award attorney's fees rests in the sound discretion of the circuit court, and the exercise of that discretion will not be disturbed on appeal except in cases of abuse." *Beto v. Stewart,* 213 W.Va. 355, 359, 582 S.E.2d 802, 806 (2003). *See also Sanson v. Brandywine Homes, Inc.,* 215 W.Va. 307, 310, 599 S.E.2d 730, 733 (2004) ("We ... apply the abuse of discretion standard of review to an award of attorney's fees."); Syl. pt. 2, *Daily Gazette Co., Inc. v. West Virginia Dev. Office,* 206 W.Va. 51, 521 S.E.2d 543 (1999) ("""'[T]he trial [court] . . . is vested with a wide discretion in determining the amount of . . . court costs and counsel fees, and the trial [court's] ... determination of such matters will not be disturbed upon appeal to this Court unless it clearly appears that [it] has abused [its] discretion.' Syllabus point 3, [in part,] *Bond v. Bond,* 144 W.Va. 478, 109 S.E.2d 16 (1959)." Syl. pt. 2, [in part,] *Cummings v. Cummings,* 170 W.Va. 712, 296 S.E.2d 542 (1982) [ (per curiam) ].' Syllabus point 4, in part, *Ball v. Wills,* 190 W.Va. 517, 438 S.E.2d 860 (1993).").

*Corp. of Harpers Ferry v. Taylor*, 227 W. Va. 501, 504, 711 S.E.2d 571, 574 (2011). Accordingly, under the limited facts and circumstances of this case we find no abuse of discretion and decline to reverse the lower court on that ground.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 11, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker